## SARAH J. JANES v. THOMAS LYON.

WRIT OF ERROR:—EXTENSION OF TIME FOR ISSUANCE OF.

The defendant applied for an extension of time in which to sue out a writ of error. The judgment which was sought to be reviewed was entered November 13, 1894, upon a verdict directed by the court, on the ground that as a matter of law, the defense sought to be interposed was not well taken. On May 20, 1896, the defendant, without having settled a bill of exceptions made said motion which was denied.

*L. B. Thompson*, for motion.

*Mains & Mains* contra, contended:

1. That the court had no power to grant the application; that the showing made by the defendant did not bring the case within 3 How. Stat. sec. 8086, which limits the time for bringing a writ of error to one year, subject to an extension of not exceeding six months by the Supreme Court or one of the Supreme Court justices at Chambers, when the party making the application has been prevented from taking out the writ by circumstances not under his control.

The facts as alleged by the respective parties were as follows:

*a*—In his affidavit filed in support of said motion the defendant averred that he took the usual extensions of time for settling a bill of exceptions; that the usual stay of proceedings was granted and that he gave the required statutory bond; that he at once gave the court stenographer an order for a copy of the record in the case, and did every thing in his power to get the case into the supreme court for review; that the business of the stenographer was such that he could not for a long time write up the case; that defendant had not been able to get the case settled, although it was nearly ready for settlement; that if the motion was granted defendant would be able to remove the case to the supreme court for review, otherwise not.

*b*—In his affidavit filed in opposition to the motion the plaintiff's attorney averred that only one extension of time in which to settle a bill of exceptions was granted; that notice was given of the settlement of said bill of exceptions for a day in the June term 1895, of the circuit court in which the case was tried; that prior to the time so fixed, affiant prepared and served amendments to said bill, and was ready to settle the same at said date, or at any other reasonable time; that no material disagreement existed between affiant and defendants attorney as to the propriety of said amendments, the only question involved being as to the phraseology used in reducing the evidence to a narrative form; that since the time fixed for settling said bill of exceptions the defendant's attorney has constantly stated that he would call the case up for settlement, but that he has not done so.